UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PRIMERICA LIFE INS. CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22 CV 260 CDP |
| | ) |
| ESTATE OF RONNELL DWIGHT BURNS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This interpleader action involves the distribution of life insurance benefits under a policy purchased by spouses Ronnell and Keianna Burns from Primerica. Keianna is alleged to have shot and killed Ronnell in Atlanta, Georgia. She is then alleged to have committed suicide by a self-inflicted gunshot wound. Keianna and Ronnell named each other as the primary beneficiaries on the policy, but each had to survive the other to claim benefits.[1] Therefore, their order of death is a key factor in the determination of benefits. Because a newspaper article reported that

---

[1] Ronnell and Keianna each provided a 30% percent death benefit to their mothers (Darlene Burns and Antoinette Reed, respectively), with the remaining 70% to be paid to the surviving spouse. They each named different contingent beneficiaries, with Ronnell naming his brother Reginald and his daughter Raion Burns and Keianna naming her two daughters, Marianna Reed and Jaicha Martin. Throughout this litigation, the Court will refer to the Ronnell defendants to mean his estate, his mother, his brother, and his daughter, while the Keianna defendants will refer to her estate, her mother, and her daughters.

Keianna "shot and killed her husband . . . before turning the gun on herself," but the death certificates recorded that Keianna actually predeceased Ronnell, Primerica was unable to determine the order of death for purposes of distributing the proceeds of the policies.[2] Therefore, it paid what it determined to be the uncontested death benefits (the 30% death benefits to their mothers) and filed this action to interplead the remaining funds under Federal Rule of Civil Procedure 22. It named all possible beneficiaries as defendants, including the Estates of Ronnell and Keianna.

All possible beneficiaries filed answers in this case and seek entitlement to at least some portion of the benefits. The Keianna defendants dispute the manner and order of death and seek at least the remaining 70% of her death benefit, while the Ronnell defendants claim entitlement to the entirety of the life insurance benefits, claiming Ronnell was the surviving spouse and that the Keianna defendants are precluded from recovery under one or more of the slayer statutes. The Ronnell defendants also filed counterclaims against Primerica asserting that Primerica "failed and refused" to pay the remaining death benefits to them and

---

[2] In addition, because the deaths of the insureds are alleged to involve a murder/suicide, Primerica is uncertain whether the payment of benefits may be precluded by the "slayer statutes" of Missouri and/or Georgia. These statutes prohibit a beneficiary who causes the death of an insured from receiving benefits under the policy. *See* Mo. Rev. Stat. § 461.054(2); O.C.G.A. § 33-25-13.

seeking to recover from Primerica all remaining death benefits, interest, attorney's fees, and expenses.

By uncontested motion, I permitted Primerica to interplead the disputed funds with interest into the registry of the Court. (ECF 27). Before me now is Primerica's unopposed motion for summary judgment on the counterclaims asserted against it by the Ronnell defendants. Primerica also seeks to be discharged from this action as well as injunctive relief and attorney's fees and expenses. No defendant opposes the motion, and their time for doing so has expired. Nevertheless, the Court must still determine if the undisputed facts entitle Primerica to the relief sought as a matter of law. For the reasons set out below, Primerica is only entitled to summary judgment on the counterclaims. The motion will be denied with respect to the remaining requests for relief.

## Standards Governing Summary Judgment

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or

other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## Discussion

I adopt Primerica's statement of material facts set out in Document 38 as it is deemed admitted by defendants[3] and incorporate these facts by reference herein. Any additional background facts are set out above and relate to the allegations made about the cause and manner of the deaths of Ronnell and Keianna. These facts establish that after Ronnell and Keianna died, Primerica paid the 30% death benefits to the mothers of the insureds because it concluded that these benefits were uncontested, acknowledged that the remaining death benefits are owed, and

---

[3] Local Rule 4.01(A) of the United States District Court for the Eastern District of Missouri provides that "all matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R.4.01(A).

showed that it could be exposed to the risk of litigation by other potential beneficiaries if it paid the remaining benefits to any of the defendants as the timing of the deaths of the insureds is contested.[4] It was for this reason that I concluded that interpleader was appropriate and granted Primerica's unopposed motion to pay the remaining death benefits, with interest, into the Court's registry.

On summary judgment Primerica argues that because I determined that interpleader was appropriate the Ronnell defendants cannot maintain their breach of contract counterclaims against them for failing to pay benefits as a matter of law. In *Primerica Life Ins. Co. v. Woodall*, 975 F.3d 697, 700 (8th Cir. 2020), the Eighth Circuit Court of Appeals was faced with the same argument being made by Primerica here, namely "whether the federal interpleader action was proper under federal procedural law – specifically Rule 22 of the Federal Rules of Civil Procedure – so as to shield Primerica from further liability for all counterclaims."[5] *Id.* at 699. The Eighth Circuit held that Rule 22 interpleader actions are controlled by equitable principles, such that "if the party asserting the right to interpleader, here Primerica, has acted unfairly to create the underlying conflict necessitating interpleader relief, then that party may not use the interpleader procedure as a

---

[4] According to the Keianna defendants, the manner and circumstances of the deaths are also contested. Primerica also faces uncertainty due to the possible applicability of one or more slayer statutes.

[5] As will be discussed below, this case is also being brought under Fed. R. Civ. P. 22. It is not a statutory interpleader action.

shield against counterclaims asserting that the interpleader stakeholder is at fault in creating the subject of the dispute." *Id.* at 700.  Because there was a dispute about whether Primerica created competing claims for the insurance benefits by failing to properly process change of beneficiary forms, the Eighth Circuit remanded the case to the district court for further consideration.  *Id.*  On remand, the district court concluded that Primerica did not act willfully in failing to process the paperwork and therefore granted summary judgment in favor to Primerica on the beneficiary's breach of contract counterclaim, a finding which was affirmed on appeal.  *Primerica Life Ins. Co. v. Woodall*, 38 F.4th 724, 727 (8th Cir. 2022) (affirming summary judgment in favor of Primerica where there was no evidence that Primerica acted willfully or inequitably to create a situation where multiple claimants sought interpleaded funds).

Here, there is no evidence that any inequitable conduct on the part of Primerica created competing claims for the life insurance benefits so as to preclude its use of interpleader in this case.  Instead, the undisputed facts demonstrate that the necessity for interpleader was created solely by the circumstances of the deaths of Ronnell and Keianna, not by any action or inaction of Primerica.  All defendants, including the Ronnell defendants, have a complete remedy under Fed. R. Civ. P. 22, which allows them to make their claims to the death benefits being held by the Court.  For this reason, this case is distinguishable from the *Woodall*

case and Primerica is entitled to summary judgment on the counterclaims asserted against it by the Ronnell defendants.

Primerica also asks the Court to discharge it from the suit and enjoin the defendants from bringing any other action against Primerica and/or its agents concerning the benefits, citing 28 U.S.C. § 2361.  However, Primerica admits that it "files this complaint in interpleader pursuant to Fed. R. Civ. P. 22," asserting diversity jurisdiction under 28 U.S.C. § 1332.  (ECF 1 at 1).  Although Primerica speculates in its complaint that this Court might also have subject matter jurisdiction under the federal interpleader statute (28 U.S.C. § 1335) "if the Estate of Keianna Renee Burns is opened and administered in a state other than Missouri," (ECF 1 at 4), the record before me does not establish that this is a statutory interpleader action under 28 U.S.C. § 1335.  The answer filed on behalf of the Keianna defendants states only that attorney Eric Banks "will be applying for Letters of Administrations for the Estate of Keianna Renee Burns."  (ECF 19 at 2).  It does not state where any application will be made, and there is no additional information in the file as to whether this has been accomplished.  In the absence of such information, Primerica is proceeding in this case under Fed. R. Civ. P. 22, with this Court's subject matter jurisdiction arising solely under 28 U.S.C. § 1332, not 28 U.S.C. § 1335.  As such, 28 U.S.C. § 2361 does not apply in this case.  *See* 28 U.S.C. § 2361 (stating its applicability "in any action of

interpleader or in the nature of interpleader under section 1335 of this title . . . ."); *Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 2d 678, 687-89 (N. D. Iowa 2013) (Bennett, J.) (explaining the differences between statutory interpleader and interpleader actions under Fed. R. Civ. P. 22).  As Primerica advances no other basis for its entitlement to this relief, the motion is denied as to those requests.

Finally, because Primerica remains a party to this suit its request for attorney's fees is denied at this time.  Whether Primerica may ultimately be entitled to dismissal, injunctive relief, and/or fees at the conclusion of this case or on some other basis not raised in this motion is not before me.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment [37] is granted only as follows: plaintiff shall have summary judgment on the counterclaims asserted against it, and the counterclaims are dismissed with prejudice.  In all other respects, the motion for summary judgment is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2022.

8