UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22 CV 260 CDP |
| | ) | |
| ESTATE OF RONNELL DWIGHT | ) | |
| BURNS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before me on the parties' notice of settlement of the interpleaded funds in this interpleader action.  ECF 46.  The parties request distribution of the interpleaded funds and the dismissal of plaintiff from this action, and I have granted this request.  As such, all federal claims over which this Court had original jurisdiction have now been dismissed.  The sole remaining claim is a crossclaim for wrongful death under Missouri law brought by the Ronnell Burns defendants against the Estate of Keianna Burns.  Although the complaint and crossclaim filed in this case have been less than clear as to whether and where the Estate of Keianna Burns has been opened and administered, in an interpleader action filed by Primerica against the Estates of Ronnell and Keianna Burns in the Northern District of Georgia (Case Number 1:22CV2775 SEG), Primerica alleges

that the Estate will be opened in St. Charles, Missouri.[1]  No legal representative of

the Estate of Keianna Burns has been named or served in this case, which means

that 28 U.S.C. § 1332(c)(2) does not apply.  Therefore the Estate of Keianna Burns

is deemed a citizen of Missouri, *see Danenberg-Jones v. Walmart Inc.*, 2022 WL

1983987 at *1 (W.D. Mo. June 6, 2022), as are the crossclaim plaintiffs.  As such,

this Court lacks diversity jurisdiction over the state law claim, and no other basis

appears on the pleading which vests this Court with original jurisdiction over the

crossclaim.[2]

Instead, this Court has supplemental jurisdiction over the Ronnell Burns

defendants' crossclaim under 28 U.S.C. § 1367(a).  However "Congress

unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss

supplemental state law claims when all federal claims have been dismissed."   *In re*

*Pre-Filled Propane Tank Antitrust Litigation*, 893 F.3d 1047, 1060 (8th Cir. 2018).

The statute provides:

---

[1] The Estate of Ronnell Burns provided this complaint as an exhibit in another case pending in
this Court before the Honorable John A. Ross, *Estate of Ronnell Burns v. Primerica Life Ins. Co.*
ECF 9-1 in Case No. 4:22CV885 JAR.

[2] Although the counterclaim filed by the Ronnell Burns defendants against Primerica purported
to invoke jurisdiction under the Declaratory Judgment Act, "the Declaratory Judgment Act, 28
U.S.C. § 2201 (1988), does not provide an independent basis for federal jurisdiction." *Victor*
*Foods, Inc. v. Crossroads Economic Development of St. Charles Cnty., Inc.*, 977 F.2d 1224,
1227 (8th Cir.1992).  In any event, those counterclaims were dismissed by the Court in a
Memorandum and Order dated October 13, 2022.  ECF 41.

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "'When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC,* 781 F.3d 1003, 1016–17 (8th Cir. 2015) (quoting *In re Canadian Import Antitrust Litig.,* 470 F.3d 785, 792 (8th Cir. 2006)). Indeed, the district court may decline jurisdiction over state law claims after granting summary judgment on the federal claims, even if discovery is complete. *D.J.M. ex rel. D.M. v. Hannibal Pub. Sch. Dist. No. 60*, 647 F.3d 754, 767 (8th Cir. 2011).

All federal claims having now been dismissed, upon due consideration I will exercise my discretion to dismiss without prejudice the remaining state law claim as it depends solely on a determination of state law and discovery is far from complete.

Accordingly,

**IT IS HEREBY ORDERED** that the crossclaim of defendants Estate of
Ronnell Burns, Reginald Burns, Raion Burns and Darlene Burns against the Estate
of Keianna Renee Burns is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the motion for extension of time [47] is
denied as moot.

**IT IS FURTHER ORDERED** that this case is now closed.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2022.